Reese, J.
delivered the opinion of the court.
The bill states, that from July 1835, to September 1839, complainant, Preston Hay, was entitled, as deputy clerk in tbe circuit court, and district court of the United States, at Nashville, to all the fees of office due or coming to the clerk of said court, because of an agreement between him and the said Mc-Nairy, that Hay would pay McNairy a sum certain, and receive the whole of the fees. During all that time, and before and after, Samuel B. Marshall, was Marshal, first of West Tennessee and then of Middle Tennessee, and the other defendants were sureties in a bond, and bound for his official good conduct. Marshall on various executions, throughout that period, collected sums of money due and coming for services as clerk to complainant Hay, and Hay received considerable sums of money due to Marshall for fees. At the March term, 1839, a settlement, which was not full, was made between the parties, by which it was ascertained that the defendant S. B. Marshall was liable to-complainant for the sum of 12,260 15. Shortly after the date of this settlement complainant received $650, in September"1839, $100, in March 1840, $800, in all $1,550, leaving an ascertained balance of $710 15. The settlement was only partial, because many executions on which fees due com *624 plainant had. been before that time collected, and kept back by Marshall.
In October 1840, another settlement was attempted, in which all those executions, so kept back, should have been produced, and the whole business of 1839, in which complainant was interested aud which was not included in the first settlement, was to have been embraced. This settlement was intended to have been final; and they went back to the year 1835, making mutual charges, according to what was admitted to be true in point of fact, and just between them as to tho cash items of the account. But in this attempt at a final settlement, many executions, in which complainant’s costs had been collected, were not brought forward, and the executions shown on the entire execution docket of the district court of Middle Tennessee, were altogether omitted. When complainant entered upon this settlement he fully believed, that any apparent balance would be paid to him at the time in money; and in confidence of this, he executed receipts, as the settlement was in progress, on each individual execution simultaneously with making the proper memorandum upon the statement made, with a view to settle■ment. But after the attempt at settlement, and after these receipts were given Marshall upon the executions in his hands, he walked off with the air and manner of one who thought nothing more remained to be done, and has never paid complainant a cent of the balances due on said settlement, and so receipted for.
The defendants all demurred to this bill, and the chancery court sustained the demurrer. As to S. B. Marshall, the principal defendant, the ground upon which the demurrer was sustained, probably was, that on each particular execution the complainant had a remedy at law, to compel the return of the execution, and the payment of the money collected. And this may be so. Yet there is nothing in the nature of the official duties of clerk or marshal, which would prevent the existence of an account current between them as to the balances received by either for the other, on the ground of official fees, and separated from the monies or claims of others in the various suits. And if the parties,-in point of fact, do mutually receive monies *625 for each other, which are allowed to accumulate on each side, and mutual accounts do in fact spring up between them, we are at a loss to perceive how either of them could repel the other from a court of chancery, upon the ground, that á remedy might have originally existed upon each distinct item of claim, or might still exist, especially where the parties, by actually making settlements, as for a general balance arising from the various sums, and by passing receipts. without actually getting the money, have added complication'to the accounts, and thrown obstacles in the way of the enforcement of such legal remedies as may exist.
We think it is very clear, that the bill shows a case for the exercise of chancery jurisdiction as against Sami. B. Marshall. But by the act of 1835, ch. 20, sec. 17, jurisdiction is expressly given by a court of chancery, as against the sureties in bonds for the performance of covenants, and collateral conditions, where the court has jurisdiction against the principal obligor. The mere vinculum of the bond draws the sureties, along with the principal into the equitable forum.
This was for the convenience of both sides, to remove from the complainant the necessity of suing again at law, as to the sureties, and to enable the sureties to protect themselves by participating in the account to be taken.
But, notwithstanding this statute, if upon the frame of the bill, it distinctly appeared, that they could not be equitably embraced in any relief to be decreed in behalf of the complainant against the principal, the sureties might undoubtedly demur. It is said, such is the case here. We are not satisfied of that, as to the entire demand of the complainant, as to induce us to determine the question upon demurrer.
Let the decree be reversed, and let all the defendants answer the bill, on the case being remanded to the chancery court.